IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD KRAFFT
*as Designated Representative of the Class 4B Claimants of the Shenango Incorporated Pension Plan*,

Plaintiff,

v

SHENANGO INCORPORATED
*a wholly owned subsidiary of DTE Energy Company*,
Defendant.

2:13-cv-320

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is DEFENDANT SHENANGO INCORPORATED'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15), with brief in support. Plaintiff has filed a brief in opposition to the motion; Defendant Shenango has filed a reply brief; and Plaintiff has filed a sur-reply brief. Shenango has also filed a Concise Statement of Material Facts ("CSMF") and submitted numerous exhibits. Plaintiff has not responded to the CSMF.

Factual and Procedural Background

Shenango operates a coke battery plant on Neville Island in the Ohio River near Pittsburgh, Pennsylvania. Since the mid-1970s, Shenango has maintained a classic defined benefits pension plan for both hourly and salaried employees. Benefits are generally a function of years of service and age.

On September 9, 1993 Shenango filed for bankruptcy. After protracted negotiations during which the Class 4B Claimants of the Pension Plan made concessions, on March 2, 1994 the United States Bankruptcy Court (W.D. Pa.) approved Shenango's Second Amended Joint

Plan of Reorganization Dated September 9, 1993 As Modified Through February 10, 1994 ("Plan of Reorganization"). Under the terms of § 4.04 of the Plan of Reorganization, Shenango negotiated a reduction in medical and other benefits with retirees in exchange for certain fixed payments under the Pension Plan. The Class 4B Claimants were also entitled to share in any future surplus in the Pension Plan.

This litigation began in November 2012, when Plaintiff filed a one-count Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, in which he alleges a breach of contract. Specifically, Plaintiff alleges that Shenango diluted the pension benefits of the Class 4B claimants of the Shenango Pension Plan by having entered into a 2008 Agreement and Plan of Merger on April 14, 2008 between and among Shenango, DTE Energy Services, Inc., DTE Coke Holdings, LLC, Shenango Acquisition Corporation, Andrew Aloe, and Joseph Aloe ("Merger Agreement"). Shenango removed the case to this Court pursuant to ERISA. In addition to the motion for summary judgment, Shenango has filed a motion (ECF No. 11) to dismiss the case for failure to join indispensable parties, namely the other participants in the Pension Plan, and has suggested in a footnote that the claim may be barred by the applicable four-year statute of limitations.

Ripeness

The Court must first determine whether the summary judgment motion is ripe for disposition. As Plaintiff correctly points out, discovery is not yet complete. Shenango contends that the summary judgment motion is timely because it is clear and undisputed that it did not breach the Plan of Reorganization and Plaintiff has failed to demonstrate how additional discovery would create a genuine issue of material fact, pursuant to Fed. R. Civ. P. 56(d). In its

sur-reply, Plaintiff explains that it seeks additional discovery to demonstrate that Defendant acted "with the express intent to avoid and/or circumvent [its] contractual obligations owed to the Plaintiffs" when it merged with DTE Energy Corporation in 2008. In other words, Plaintiff seeks to prove that Shenango "intentionally entered into a series of questionable transactions in order to subvert and avoid contractual obligations."

The Court concludes that Shenango's motion for summary judgment is ripe for disposition because the requested discovery would not create a genuine issue of material fact. The sole cause of action asserted by Plaintiff is breach of contract.[1] It is black-letter law that the elements of a breach of contract claim are: (1) the existence of a contract, (2) a breach of the duty imposed by the contract and (3) damages resulting from the breach. *See, e.g., Sewer Authority of Scranton, v. Pennsylvania Infrastructure Inv. Authority*, 81 A.3d 1031, 1041-42 (Pa. Commw. 2013). The subjective intent, or motive, of the contracting party is irrelevant. *See Dunkin Donuts Inc. v. Liu*, 79 Fed. Appx. 543, 547 (3d Cir. 2003) (motivational analysis is irrelevant); *Accord MP III Holdings, Inc. v. The Hartford*, 2006 WL 2645156 at * 11 (E.D. Pa. 2006) (*citing Biborosch v. Transamerica Ins. Co.*, 603 A.2d 1050, 1058 (Pa. Super. 1992) ("ill will or malice is not an element of a cause of action for breach of contract")).

The dispositive inquiry is whether or not the parties complied with the contractual language. In this case, the relevant agreements have been provided to the Court and there is no dispute as to the authenticity of same. The Court also notes that the Merger Agreement § 8.11 contains an "Entire Agreement; No Third Party Beneficiaries" clause. The subjective motivations of the parties, as may be gleaned from the negotiations, are simply not relevant. In sum, the pending motion for summary judgment is ripe for disposition on its merits.

---

[1] Plaintiff has not asserted a claim for fraud, tortious interference with contractual relations, or any other cause of action for which intent may be an element. Any such claim would likely have to meet the heightened specificity requirements set forth in Fed. R. Civ. P. 9.

3

Standard of Review

Summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant must identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To withstand summary judgment, the non-movant must show a genuine dispute of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v*, 477 U.S. at 247-48. *See, e.g., Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Rather, a dispute is "genuine" only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. 249.

4

Legal Analysis

The crux of the dispute in this case is whether Shenango had ceased to be a member of the Aloe Controlled Group. The applicable provision of the Plan of Reorganization, § 4.04(h)(vii)("Provisions Governing Allocation of Pension Plan Surplus"), reads as follows:

> (vii) <u>Assumption of Plan Sponsorship</u>. Prior to the date on which any action is taken ***that will result in Shenango ceasing to be a member of the Aloe Controlled Group***, Aloe Holding Company, or a member of the Aloe Controlled Group (or their respective successor, if applicable) shall assume sponsorship of the Pension Plan. ***As of the date on which Shenango or any other Debtor ceases to be a member of the Aloe Controlled Group***, participants in the Pension Plan who are actively employed by such entity or entities shall accrue no further benefits under the Pension Plan, <u>provided, however</u>, that all of such participant's rights under the Pension Plan with respect to benefits accrued ***prior to such date*** shall be protected to the full extent provided by applicable law. Debtors shall be solely responsible for taking whatever actions are necessary to establish a new pension plan for their active employees to discharge their obligations under applicable employee agreements.

(Emphasis added). The term "Aloe Controlled Group" is defined to mean: "all corporations and trades or businesses that are members of the same controlled group of corporations as, or that are under common control with, Holding Company or its successor in interest, as determined in accordance with the rules of section 414(b) and (c) of the Tax Code." Plan of Reorganization § 1.02.

Plaintiff's theory is that Shenango breached § 4.04(h)(vii) in April 2008, when it engaged in a series of corporate transactions with DTE Energy Corporation. Plaintiff labels these as "questionable transactions" but does not specify how they might actually violate the Plan of Reorganization. Instead, Plaintiff objects that the transactions have enabled new employees to enroll in the Shenango Pension Plan and accrue and vest benefits, such that the benefits of the Class 4B Claimants have been diluted. Plaintiff

5

invites the Court to view the transactions in light of the backdrop of the prior contested bankruptcy litigation.

Shenango contends that the 2008 merger did not trigger § 4.04(h)(vii) or breach the Plan of Reorganization because Shenango has remained, at all times, a member of the Aloe Controlled Group. The CSMF sets forth the details of the various transactions. In 1999, all remaining members of the Aloe Controlled Group had been merged into Shenango, with Shenango becoming the sole remaining member of the Aloe Controlled Group. In 2008, pursuant to the Merger Agreement, Shenango became an indirect subsidiary of DTE Energy, but continued as a separate corporate entity. Shenango was merged into Shenango Acquisition Corporation, with Shenango being the surviving entity. The Merger Agreement was treated as the purchase of all of the outstanding shares of capital stock of Shenango from the Shenango shareholders. Following the Merger Agreement, Shenango has remained the sole surviving member of the Aloe Controlled Group. Plaintiff has not disputed the accuracy or details of these transactions as set forth in the CSMF. Accordingly, the Court finds that these facts are undisputed.

Under the terms of § 4.04(h)(vii), Shenango's duty to protect the Class 4B Claimants' pension benefits is triggered on "such date." The phrase "such date" must necessarily refer to "the date on which Shenango [ ] ceases to be a member of the Aloe Controlled Group." Indeed, Plaintiff has suggested no alternative interpretation. Because Shenango remains a member of the Aloe Controlled Group, it has not violated § 4.04(h)(vii) of the Plan of Reorganization. Defendant's motive is irrelevant and Plaintiff has failed to show a breach of the terms of the parties' agreement. Accordingly, Plaintiff's breach of contract claim must fail.

<u>Conclusion</u>

In accordance with the foregoing, DEFENDANT SHENANGO INCORPORATED'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15) will be **GRANTED** and DEFENDANT'S MOTION TO DISMISS THE CASE FOR FAILURE TO JOIN INDISPENSABLE PARTIES (ECF No. 11) will be **DENIED AS MOOT**.

An appropriate Order follows.

                                                 McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD KRAFFT**<br>*as Designated Representative of the Class 4B Claimants of the Shenango Incorporated Pension Plan*,<br>**Plaintiff,**<br><br>v<br><br>**SHENANGO INCORPORATED**<br>*a wholly owned subsidiary of DTE Energy Company*,<br>**Defendant.** | 2:13-cv-320 |

## ORDER OF COURT

AND NOW, this 10th day of March, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED AND DECREED that DEFENDANT SHENANGO INCORPORATED'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15) is **GRANTED**. DEFENDANT'S MOTION TO DISMISS THE CASE FOR FAILURE TO JOIN INDISPENSABLE PARTIES (ECF No. 11) is **DENIED AS MOOT**. The clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  **Deborah R. Erbstein, Esquire**
Email: derbstein@zoominternet.net
**Todd T. Zwikl**
Email: Toddzwikl.Attorney@Gmail.com

**Thomas E. Birsic, Esquire**
Email: klgateseservice@klgates.com
**David J. Kiefer**
Email: david.kiefer@klgates.com